Gary A. Nye (SBN 126104)
gan@rpnalaw.com
Trevor R. Witt (SBN 278195)
trw@rpnalaw.com
Andrew Wu (SBN 293909)
aaw@rpnalaw.com
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, California 91367
Telephone: (818) 992-9999 | Facsimile: (818) 992-9991

Attorneys for Plaintiff
MAVERICK BANKCARD, INC.

UNITED STATES FEDERAL DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVERICK BANKCARD, INC., a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>NURTURE SOLUTIONS, LLC, a Delaware limited liability company doing business as DATA SHIELD; MARC TORRE, an individual; DANE KANIA, an individual; and DOES 1 to 50, inclusive,<br><br>　　　　　Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL** |

　　　Plaintiff, MAVERICK BANKCARD, INC., a California Corporation, hereby asserts the following against defendants, NURTURE SOLUTIONS, LLC, a

Delaware limited liability company doing business as DATA SHIELD; MARC TORRE, an individual; and DANE KANIA, an individual (collectively, "Defendants"), and DOES 1 through 50, and each of them, alleging as follows:

## PARTIES

1. Plaintiff MAVERICK BANKCARD, INC., a California corporation (hereinafter referred to as "Plaintiff") is, and at all times relevant to this action was, a company duly organized and existing under the laws of the State of California, and at all times relevant to this action, maintains and/or conducts its principal place of business in the State of California, County of Los Angeles.

2. Plaintiff is informed and believes and thereon alleges that defendant, NURTURE SOLUTIONS, LLC, doing business as DATA SHIELD (hereinafter, "Data Shield") is, and at all times relevant to this action was, a limited liability company organized and existing under the laws of the State of Delaware, and at all times relevant to this action, was doing business in County of Los Angeles, State of California.

3. Plaintiff is informed and believes and thereon alleges that defendant MARC TORRE, an individual (hereinafter referred to as "Torre"), is and was, at all relevant times mentioned herein, an individual of unknown residence, and conducting substantial business in the County of Los Angeles, State of California

4. Plaintiff is informed and believes and thereon alleges that defendant DANE KANIA, an individual (hereinafter referred to as "Kania"), is and was, at all relevant times mentioned herein, an individual residing in the State of Utah, and conducting substantial business in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes that defendants Torre and Kania are the owners and/or members of Defendant Data Shield.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants

by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same can be ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is in some manner, intentionally, negligently or otherwise, responsible for the happenings or occurrences hereinafter set forth.

7. Plaintiff is informed, believes, and thereon alleges that Defendants, including the fictitious DOE defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers, alter egos, successors in interest, and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, successor in interest relationship, and/or alter ego relationship, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever doing so would result in a contradiction with other allegations.

8. All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and because Plaintiff is a citizen of the State of California, whereas Defendant Data Shield is a citizen of the State of Delaware, and Defendant Kania is a citizen of the State of Utah; meanwhile, Defendant Torre's state of citizenship is unknown to Plaintiff at this time.

///

10. Venue lies in the Central District of California, because this district is where a substantial part of the events and/or omissions giving rise to the herein allegations occurred. 28 U.S.C. § 1391(b)(2). In particular, the contracts at issue in this action were entered into in the County of Los Angeles, State of California; moreover, performance of such contracts were due to occur in the County of Los Angeles, State of California.

11. In addition, Defendants Data Shield, Torre and Kania have all transacted sufficient business with the State of California such that it is proper for a California-situated court to exercise both specific and general personal jurisdiction over each of them.

## FACTUAL ALLEGATIONS

12. On or about June 24, 2021, Plaintiff, on the one hand, and Defendant Data Shield on the other hand, entered into a written and binding agreement entitled "MERCHANT ACCOUNT APPLICATION AND AGREEMENT" (hereinafter, the "Agreement"). (Said document is attached as Exhibit "A" hereto and incorporated herein by reference.) Defendant Data Shield's obligations under the agreement are fully, completely, and unconditionally personally guaranteed by Defendant Kania (See Page 4 of Exhibit "A".)

13. Defendant Kania duly signed and executed the Agreement on behalf of his company Data Shield. In addition, Kania also signed the aforementioned personal guarantee provision.

14. Plaintiff is further informed and believes, and upon such basis alleges that at all times mentioned herein, there existed a unity of interest and ownership between Defendant Data Shield, and Defendants Torre and Kania, such that any individuality or separateness between them has ceased, including that the activities and business of Data Shield were carried out without the holding of directors' or shareholders' meetings, and/or without maintaining records or minutes of any such

proceedings, if any, and with the co-mingling of Torre's and Kania's assets. Torre and Kania treated the assets of Data Shield as his own, comingled corporate and personal funds and assets, failed to maintain arms' length relationships, used Data Shield to enter into contracts for their own personal benefit and used Data Shield for illegal and improper purposes. As a result, Torre and Kania are the alter egos of Data Shield.

15. As such, Defendants Torre and Kania are also liable for any and all breaches of contract, tort or other liability arising out of each of Data Shield's conduct, whether intentionally, negligently, in breach of contract, or otherwise, as hereinafter set forth, including based on the legal theory of alter ego. Such bases of liability are distinct from and independent of Kania's prior-characterized written and duly executed guarantees to Plaintiff pursuant to the Agreement.

16. Under the terms of the Agreement, Plaintiff agreed to provide all necessary merchant bank credit and debit card processing services for Data Shield, and in turn, Data Shield agreed to limit transaction volume, be solely responsible for all chargebacks, maintain a reserve account, and pay all amounts due and owing to Plaintiff under the Agreement – as expressly set forth in Exhibit "A".

17. Data Shield materially breached its obligations under the Agreement by engaging in conduct, including, but not limited to the following conduct: 1) massively exceeding its stated transaction volume; 2) incurring excessive chargebacks; 3) utilizing the merchant account for transactions unrelated to the merchant's business; and, 4) failing to pay Plaintiff for all amounts due and owing to Plaintiff under the Agreement, including but not limited to, chargebacks and ACH reject fees which were imposed against Plaintiff.

18. Plaintiff performed all of its legal duties and obligations under the Agreement. Plaintiff therefore provided consideration and completed and met all of its duties and obligations to Data Shield under the terms of the Agreement, in full.

19. Data Shield was not excused whatsoever from its performance of its obligations under the terms and conditions of the Agreement.

20. As a result of each of Data Shield's breach of the Agreement, Plaintiff has sustained damages in an approximate amount of no less than **$244,408.61**, as of April 1, 2022, which represents the losses already sustained by Plaintiff resulting from chargebacks filed by Data Shield's customers, and ACH reject fees incurred as a result of Data Shield's failure to maintain sufficient funds in its settling account or its reserve account to satisfy such chargeback claims, all of which was expressly required under the Agreement.

21. Under the express terms of the Agreement and owing to Data Shield's material breaches thereof, Plaintiff is also entitled to interest, its attorneys' fees, and all costs. Plaintiff demanded that Defendant Data Shield cure its breaches of the Agreement within the requisite time set forth therein. Data Shield failed to do so. Defendant Kania is liable for the full amount of the damages based upon his unconditional personal guarantee of Data Shield's obligations under the Agreement. Furthermore, Defendants Torre and Kania are also liable for the full amount of Plaintiff's damages because they are the alter egos of Data Shield.

22. Plaintiff is informed and believes and thereon alleges that it suffered damages and will continue to suffer damages as a proximate and direct result of Data Shield's, Torre's, and Kania's conducts, omissions, breaches, misrepresentations, and torts. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of the foregoing, Plaintiff sustained and will continue to sustain losses, injuries and expenses, including but not limited to:

    a. Outstanding monies owed to Plaintiff by Defendants in an amount to be proven at trial, all as provided for under the Agreement;

    b. Attorneys' fees and Court costs in bringing this action; and,

    c. Pre-judgment interest at the rate of 10% per annum.

# FIRST CAUSE OF ACTION
# BREACH OF CONTRACT
### (As to All Defendants)

23. The allegations contained in Paragraphs 1 through 22 are re-alleged and incorporated by reference, as though fully set forth herein.

24. Plaintiff and Defendant Data Shield entered into the Agreement on or about June 24, 2021. All of Data Shield's obligations under the Agreement are fully, completely, and unconditionally personally guaranteed by Defendant Kania.

25. Plaintiff provided adequate consideration and performed all of its legal obligations under the terms of the Agreement.

26. Plaintiff is informed and believes that Defendants Data Shield, Torre, Kania, their agents, servants and employees, and DOES 1 through 50, and each of them, breached the Agreement and failed to perform in accordance with the terms, obligations, conditions, and covenants as set forth in the Agreement, as described above. Defendant Kania is personally liable for all of Data Shield's obligations owed to Plaintiff under the Agreement, based on his written personal guarantee of Data Shield's obligations owed to Plaintiff under the Agreement. Defendants Torre and Kania are also personally liable for all of Data Shield's obligations owed to Plaintiff under the Agreement because they are the alter ego of Data Shield.

27. Plaintiff is informed and believes that Defendants Data Shield, Torre, and Kania, have engaged in further and additional material breaches of the Agreement, and continue to engage in such breaches. The circumstances of said additional material breaches are not presently known, but Plaintiff will amend this complaint upon discovery of such facts.

28. Plaintiff is informed and believes that there were no excuses nor justifications for any of the defendants' failure to perform their obligations and duties under the Agreement. And Plaintiff never consented to nor ratified

defendants' failure to perform.

29. As a proximate and direct result of all of the defendants' failure to perform, Plaintiff has suffered damages including, but not limited to, the amount of monies owed by each of the defendants to Plaintiff pursuant to the Agreement in an amount to be proven at trial, with interest at the legally permissible rate, plus attorney's fees and costs according to proof and pursuant to the terms of the Agreement.

**WHEREFORE**, Plaintiff MAVERICK BANKCARD, INC. prays for a judgment against defendants, and each of them, as follows:

**AS TO ALL CAUSES OF ACTON:**

1) For damages in an amount exceeding $244,408.61, according to proof at the time of trial.

2) For pre-judgment and post-judgment interest on all damages awarded, as provided for by applicable law.

3) For attorney's fees according to proof and pursuant to the Agreement.

4) For costs of suit herein incurred pursuant to the Agreement.

5) For such other and further relief as the Court may deem just and proper.

DATE: April 29, 2022            ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: ___/s/ TREVOR R. WITT_____
    GARY A. NYE
    TREVOR R. WITT
    ANDREW WU
    Attorneys for Plaintiff,
    MAVERICK BANKCARD, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff MAVERICK BANKCARD, INC. hereby demands a jury trial on any and all issues so triable.

DATE: April 29, 2022

ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: /s/ TREVOR R. WITT
GARY A. NYE
TREVOR R. WITT
ANDREW WU
Attorneys for Plaintiff,
MAVERICK BANKCARD, INC.